UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/26/2016
```

KEITH ATKINS,

                       Petitioner,

     -against-

SUPERINTENDENT MICHAEL J. CAPRA,

                       Respondent.

13-CV-5446 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

       On August 2, 2013, *pro se* Petitioner Keith Atkins (hereinafter, "Atkins" or "Petitioner") filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (hereinafter, "Petition"). *See generally* Pet. (Dkt. 1). Petitioner was convicted by a jury in New York County Supreme Court on charges of Assault in the Second Degree and Tampering with Physical Evidence. His Petition in this Court challenges that conviction. *Id.* at ¶¶ 1, 5-6. On August 8, 2013, this Court ordered the Respondent to answer the Petition, Dkt. 3, and on December 3, 2013, referred the action to Magistrate Judge Maas to prepare a report and recommendation (hereinafter, the "R&R") pursuant to 28 U.S.C. § 636(b). Dkt. 9. On May 10, 2016, Magistrate Judge Maas issued the R&R recommending that this Court deny the Petition. Dkt. 11. Neither party has filed an objection. Upon careful review of Magistrate Judge Maas's determination, this Court adopts the R&R, in full. For the following reasons, the Petition is DENIED.

## DISCUSSION

       District courts review a magistrate judge's report and recommendation under the standards set out in 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure 72(b), and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When the parties do not make a timely objection, the district court accepts and adopts the R&R when the court is "satisf[ied] . . . that there is no

clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citing Fed. R. Civ. P. 72, Notes of Advisory Committee on Rules). "A finding is clearly erroneous if the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Gomez v. Brown*, 655 F. Supp. 2d 332, 341 (S.D.N.Y. 2009) (citations and internal quotation marks omitted).

Careful review of the R&R reveals that there is no clear error in its conclusions. The Court agrees with Magistrate Judge Maas that neither of Petitioner's claims entitles him to the habeas relief he seeks. This Court agrees that it was entirely reasonable for the jury to conclude from the evidence submitted at trial that Atkins had the requisite *mens rea* to support the charge of Tampering with Physical Evidence. R&R at 12-13. The Court further agrees that the prosecutor's remarks during summation did not deprive Petitioner of a fair trial. Justice Kahn, the state court judge presiding over the trial, repeatedly instructed the jury that they could not speculate on matters not in evidence and, notwithstanding any alleged error, the record contained other overwhelming evidence upon which the jury could reasonably find that Petitioner was guilty. R&R at 16-17.

The Court notes that although Magistrate Judge Maas did not state that he was construing Atkins's Petition liberally, as the court must do for *pro se* petitioners, *Joseph v. Conway*, 567 F. App'x 56, 60 (2d Cir. 2014) (summary order), the R&R reflects every argument presented in the Petition viewed in the most favorable light to the Petitioner.

The Court also notes that as an alternative to reversing his conviction, Petitioner requested "an evidentiary hearing to determine whether a De Novo Appeal is required to make inclusive the arguments addressed within the 440.10 motion." Pet. ¶ 18(2). Magistrate Judge Maas did not address this request in the R&R. *See generally* R&R. Although not entirely clear, the Court understands Petitioner to be requesting a hearing from this Court to explore whether he

should be permitted now to pursue "a *de novo* appeal" that would raise arguments that he included in his 440.10 motion in state court but not in his direct appeal. Even construed liberally, the Court fails to see how this request could be proper in this Court. Petitioner could have appealed the denial of the 440.10 motion in state court, but he did not do so. Pet. ¶ 11(d)(1). Petitioner also could have raised all of the claims he made in his 440.10 motion in his initial state court appeal, but he chose not to do so. Pet. ¶¶ 9(f), 12. Accordingly, Petitioner's request appears to be foreclosed on the face of his own Petition. But even if there were an outstanding issue to be decided, a federal court would not be the proper forum in which this issue can initially be raised.

## CONCLUSION

Because Petitioner filed no timely written objections to the R&R and because the R&R expressly warned that the failure to do so may result in the waiver of any such objections, this decision precludes appellate review. *See* Fed. R. Civ. P. 72; *Matos v. Comm'r of Soc. Sec.*, 618 F. App'x 14, 14-15 (2d Cir. 2015) (citing *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 602-603 (2d Cir. 2008)). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this ruling would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of the Court is respectfully requested to mail a copy of this Order to Petitioner and to note service on the docket. The Clerk of the Court is further requested to close the case.

**SO ORDERED.**

Dated: July 26, 2016
New York, New York

_____
VALERIE CAPRONI
United States District Judge